**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Steven Christopher Crawley,<br>Plaintiff<br>-vs-<br>City of Phoenix, *et al.*,<br>Defendants. | CV-16-4307-PHX-JJT (JFM)<br><br>**Report and Recommendation<br>on Screening of Amended Complaint** |

# BACKGROUND

**Issues** – Plaintiff has filed a first, of-right Amended Complaint (Doc. 10) prior to service of an answer pursuant to Federal Rule of Civil Procedure 15(a).  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).  The undersigned concludes that Plaintiff's Amended Complaint fails to adequately state a claim against some defendants, and therefore those defendants must be dismissed.  This matter is heard by the undersigned on referral, and the conclusions reached herein would be dispositive as to those defendants.  Accordingly, the undersigned makes this Report and Recommendation with regard to the Amended Complaint.

**Original Complaint** - On December 8, 2016, Plaintiff filed his original Complaint (Doc. 1) suing Maricopa County, the City of Phoenix, and City of Phoenix Police Officers Luis Mcanany, Henry Smith, Holeman, Morrissey, Conklin, Nealson,

1

Michael Naegelt, Holloway, Jane Does A-G, and John Does A-G. Count One alleged excessive force, and claims for various state law torts. Count Two alleged an Eight Amendment violation regarding medical care by Maricopa County in the care of his injuries received from the incident in Count One. In Count Three, Plaintiff alleged Eight and Fourteenth Amendment violations regarding medical care, asserting a policy and practice of denying medical care. The Court screened that Complaint and dismissed Count One and the various city and officer defendants because Plaintiff failed to identify specific defendants their specific conduct, and thus failed to adequately state a claim, and therefore the supplemental jurisdiction over the state law claims was declined. Defendant Maricopa County was ordered to respond to Counts Two and Three. Plaintiff was ordered to provide service packets for service on Defendant Maricopa County.

### AMENDED COMPLAINT

On February 13, 2017, Plaintiff filed his first, of-right Amended Complaint (Doc. 10). *See* Fed. R. Civ. P. 15(a). This Amended Complaint consists of a single count alleging claims of excessive use of force in violation of the Eighth and Fourteenth Amendments. The named defendants are limited to: (1) the City of Phoenix, Arizona; (2) the Phoenix Police Department; and Officers (3) Louis McAnany; (4) Henry Smith; (5) Holman; (6) Conklin; (7) Nelson; and (8) Morrissey.

**Effect on Omitted Claims/Defendants** - Plaintiff does not include in his Amended Complaint Defendant Maricopa County or the claims in his prior Counts Two and Three. "It is hornbook law that an amended pleading supersedes the original, the latter being treated thereafter as non-existent." *Bullen v. De Bretteville*, 239 F.2d 824, 833 (9th Cir. 1956), overruled on other grounds by *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). . Thus, causes of action alleged in an original complaint which are not alleged in an amended complaint are waived. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Accordingly, Plaintiff's Amended Complaint effectively disposes of his

2

claims in his prior Counts Two and Three, and terminates Defendant Maricopa County from this action. Accordingly, the Clerk should be directed to not forward service on Defendant Maricopa County to the U.S. Marshals Service.

**Standard on Screening** – A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id*. at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

**Revised Count One** - With regard to the revised Count One in the Amended Complaint, the Court observes that Plaintiff does not again include his state law claims, but only makes claims based on constitutional violations for excessive use of force. In disposing of this claim from the original Complaint, the Court concluded that "Plaintiff has only made vague and conclusory allegations against a group of Defendants, without

3

any factual specificity as to what any particular Defendant did or failed to do." (Order 2/2/17, Doc. 8 at 6.)   Plaintiff now makes specific allegations as follows:   While Plaintiff was handcuffed, controlled, and cooperating in his arrest, Defendants McAnany and Smith acted to "forcefully slam, shove, push and violently position [Plaintiff] against the patrol car" (Doc. 10 at 5); Defendant Holman joined in the assault, "kicking [Plaintiff's] feet and legs and throwing punches to the Plaintiff's upper body, shoulder and head area as he was handcuffed" and "did a standing knee drop onto the Plaintiff's chest" (*id.* at 6); Officers Conklin, Nelson and Morrissey "observed the beating and did nothing to stop it" (*id.* at 6); the failure to intervene "encouraged the violence toward the Plaintiff."

Claims of excessive force in the course of an authorized arrest or detention "should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Graham v. Connor*, 490 U.S. 386, 395 (1989).  Whether a particular seizure is reasonable must be "judged from the perspective of a reasonable officer on the scene," *id.* at 396, and "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight," *id.*

"[P]olice officers have a duty to intercede when their fellow officers violate the constitutional right of a suspect or other citizen." *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir.2000). "[T]he constitutional right violated by the passive defendant is analytically the same as the right violated by the person who strikes the blows." *United States v. Koon*, 34 F.3d 1416, 1447 n. 25 (9th Cir.1994) *aff'd in part, rev'd in part,* 518 U.S. 81 .(1996).  An officer who fails to intervene when his fellow officers use excessive force to effect a seizure would be responsible, like his colleagues, for violating the Fourth Amendment. *Id*. However, officers are liable for a breach of this duty only if they had "a realistic opportunity" to intercede. *Cunningham*, 229 F.3d at 1289.

Here, Plaintiff alleges sufficient facts to show that the forced used against him

was unreasonable. Plaintiff alleges facts suggesting that he posed no immediate threat, was not actively assisting resisting arrest, or attempting to flee, and was instead already peacefully in custody when the assault occurred. . The alleged conduct and the seriousness of Plaintiff's alleged injuries, if taken as true, suggest that the quantum of force Defendants McAnany, Smith and Holman used was beyond that which was reasonable. And, Plaintiff sufficiently alleges that Defendants Conklin, Nelson and Morrissey observed the use of excessive force, had a realistic opportunity to intervene at the scene, but failed to do so.

On the other hand, Plaintiff fails allege sufficient facts to adequately state a claim against Defendants City of Phoenix and Phoenix Police Department. For each claim Plaintiff alleges, he must state the following: (1) the specific constitutional right which he believes was violated; (2) the individual Defendant whose conduct violated that right; (3) the specific conduct which violated the right; and (4) the connection between the Defendant's conduct and a specific injury Plaintiff suffered as a result of the conduct. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). A local governmental unit may not be held responsible for the acts of its employees under a *respondeat superior* theory of liability. *See Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); and *Fogel v. Collins*, 531 F.3d 824, 834 (9th Cir. 2008). Therefore, a plaintiff must go beyond the *respondeat superior* theory of liability and demonstrate that the alleged constitutional deprivation was the product of a policy or custom of the local governmental unit, because municipal liability must rest on the actions of the municipality, and not the actions of the employees of the municipality. *See Brown*, 520 U.S. at 403; *Monell*, 436 U.S. at 690-91; and *Fogel*, 531 F.3d at 834. Here, Plaintiff makes no allegations that his injuries resulted from a policy or custom of the municipal defendants. Accordingly, Defendants City of Phoenix and Phoenix Police Department must be dismissed.

**Conclusions** – Based upon the foregoing, the undersigned concludes that

Defendants City of Phoenix and Phoenix Police Department must be dismissed for failure to adequately state a claim, and that service of the Complaint on and an answer from Defendants McAnany, Smith, Holman, Conklin, Nelson and Morissey should be required.  Further, service of the now moot original Complaint should be quashed.

## RECOMMENDATIONS

**IT IS THEREFORE RECOMMENDED** that Defendants City of Phoenix and Phoenix Police Department be **DISMISSED WITHOUT PREJUDICE** for failure to state a claims.

**IT IS FURTHER RECOMMENDED** that service of the original Complaint and service on Defendant Maricopa County be **QUASHED**.

**IT IS FURTHER RECOMMENDED** that service of the Amended Complaint (Doc. 10) on Defendants McAnany, Smith, Holman, Conklin, Nelson and Morrissey be ordered, and they be required to respond to the Amended Complaint by entry of an order that provides as follows:.

(1) The Clerk of the Court shall send Plaintiff a service packet including both summons and request for waiver forms for said Defendants.

(2) Plaintiff shall complete and return the service packet to the Clerk of the Court within 20 days of the date of the filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(3) The United States Marshal shall retain the Summons, a copy of such amended complaint, and a copy of this Order for future use.

(4) The United States Marshal shall notify said Defendants  of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants shall include a copy of this Order.  The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received.  If a waiver of service of

summons is not returned by Defendants within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall: (a) Personally serve copies of the Summons, such amended Complaint and this Order upon Defendants pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure. (b) Within ten days after personal service is effected, file the return of service for the Defendants, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendants.  The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, such amended complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(5) Defendants who agree to waive service of the Summons and such amended complaint shall return signed waiver forms to the United State Marshal, and not to Plaintiff.

(6) Said Defendants shall answer such amended complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(7) Any answer or responsive pleading shall state the specific Defendant(s) by name on whose behalf it is filed.  The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the specific Defendant(s) by name on whose behalf it is filed.

**EFFECT OF RECOMMENDATION**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules

of Appellate Procedure, should not be filed until entry of the district court's judgment. However, pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the issues,  see United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003)(en banc),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, Robbins v. Carey, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: February 17, 2017

_____
James F. Metcalf
United States Magistrate Judge

16-4307o Order 17 02 14 re MAmend.docx

8